IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Alisa Kentrus, | ) | |
| | ) | C.A. No. 2:23-cv-00364-RMG-MHC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ANSWER** |
| | ) | |
| South Carolina Farm Bureau Mutual Insurance Company, | ) ) | |
| | ) | |
| Defendant. | ) | |

Defendant South Carolina Farm Bureau Mutual Insurance Company ("Defendant") answers the Complaint in this matter as follows:

### FOR A FIRST DEFENSE

I.  The Complaint fails to state a claim upon which relief may be granted.

### FOR A SECOND DEFENSE

II.  One or all of Plaintiff's claims are barred by the applicable statute(s) of limitation and other administrative requirements that must be met to bring a valid and timely claim.

### FOR A THIRD DEFENSE

III.  Plaintiff's claims are barred or limited by the doctrines of waiver, estoppel, laches, and/or unclean hands.

### FOR A FOURTH DEFENSE

IV.  To the extent Plaintiff has any damages, Plaintiff has failed to mitigate such damages and, therefore, Plaintiff's claims are limited under the doctrine of avoidable consequences.

### FOR A FIFTH DEFENSE

V.  To the extent Plaintiff seeks any claim for physical, mental, and/or emotional damages that arose in the scope and course of her employment, Plaintiff's exclusive remedy is under the

South Carolina Workers Compensation Act, S.C. Code §§ 42-1-10 *et seq.*, which Defendant expressly pleads.

## FOR A SIXTH DEFENSE

VI.     Plaintiff's claims are barred by the fact that Defendant did not employ Plaintiff and was thus, as a matter of law, not Plaintiff's employer.

## FOR A SEVENTH DEFENSE

VII.    Defendant denies that Plaintiff was ever employed by Defendant. In the alternative, however, even if Plaintiff was Defendant's employee, Defendant's actions related to Plaintiff, to the extent any such actions occurred, were made for legitimate business reasons, in good faith, and without malice or intent to harm or discriminate.

## FOR AN EIGHTH DEFENSE

VIII.   Defendant denies that Plaintiff was ever employed by Defendant. In the alternative, however, even if Plaintiff was Defendant's employee, Defendant denies it ever acted with any unlawful discriminatory or retaliatory motive toward Plaintiff. If Plaintiff establishes a discriminatory or retaliatory motive, Defendant asserts it would have taken the same action absent any impermissible motivating factor.

## FOR A NINTH DEFENSE

IX.     Defendant denies that Plaintiff was ever employed by Defendant. In the alternative, however, even if Plaintiff was Defendant's employee, Plaintiff's claim of sexual harassment/hostile work environment is barred because Defendant exercised reasonable care to prevent and correct promptly such sexually discriminatory conduct and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities Defendant provided or to avoid harm otherwise.

**FOR A TENTH DEFENSE**

X.      Plaintiff failed to properly exhaust the administrative remedies available to her under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

**FOR AN ELEVENTH DEFENSE**

XI.     Plaintiff's Title VII claim(s) fail because she has not alleged that she complied with all conditions precedent required by Title VII prior to commencing this action.

**FOR A TWELFTH DEFENSE**

XII.    Plaintiff's Wrongful Discharge in Violation of Public Policy claim is barred due to preemption.

**FOR A THIRTEENTH DEFENSE AND BY WAY OF ANSWER**

XIII.   A.      Each allegation of the Complaint not hereafter expressly admitted is denied.

        B.      Defendant responds to the allegations of the Complaint by paragraph number corresponding to the respective paragraph numbers of the Complaint as follows:

        1.      Defendant lacks information to admit the truth or falsity of this allegation and, therefore, denies the same.

        2.      Defendant admits only that it is incorporated in South Carolina. To the extent this paragraph also contains conclusion(s) of law and/or jurisdictional allegation(s), no response is required.

        3.      Denied.

        4.      This paragraph is a jurisdictional allegation which requires no response.

        5.      Defendant lacks information to admit the truth or falsity of the allegations in this paragraph as it did not employ Plaintiff and, therefore, denies the same. As Defendant was not Plaintiff's employer, Defendant further denies it gave Plaintiff performance reviews.

6. Denied.

7. Defendant lacks information to admit the truth or falsity of the allegations in this paragraph that Plaintiff experienced ongoing harassment as it did not employ Plaintiff and, therefore, denies same. Defendant denies the remaining allegations in this paragraph. To the extent this paragraph also contains conclusion(s) of law, no response is required.

8. Defendant lacks information to admit the truth or falsity of the allegations in this paragraph as it did not employ Plaintiff and, therefore, denies the same.

9. Denied.

## FOR A FIRST CAUSE OF ACTION
## The Americans with Disabilities Act of 1990 [sic]

10. Defendant incorporates its responses to the foregoing allegations of the Complaint as if set forth verbatim herein.

11. Defendant lacks information to admit the truth or falsity of the allegations in this paragraph as it did not employ Plaintiff and, therefore, denies the same. Defendant further denies it received complaints of sexual harassment towards Plaintiff. To the extent this paragraph also contains conclusion(s) of law, no response is required.

12. Denied.

13. Defendant lacks information to admit the truth or falsity of the remaining allegations in this paragraph as it did not employ Plaintiff and, therefore, denies the same. To the extent this paragraph also contains conclusion(s) of law, no response is required.

14. Denied.

15. Denied.

## FOR A THIRD [sic] CAUSE OF ACTION
### (Wrongful Termination)

16. Defendant incorporates its responses to the foregoing allegations of the Complaint as if set forth verbatim herein.

17. Denied.

C. Defendant denies Plaintiff's prayer for relief.

WHEREFORE, having fully answered the Complaint and having set forth various defenses, Defendant requests that this action be dismissed and that they be awarded their costs.

s/ T. Foster Haselden                .
T. FOSTER HASELDEN (DCID 11461)
R HAYNE HODGES, III (DCID 9663)
GIGNILLIAT, SAVITZ & BETTIS, L.L.P.
900 Elmwood Ave., Suite 100
Columbia, SC  29201
Tel.: (803) 799-9311
Fax: (803) 254-6951
fhaselden@gsblaw.net
hhodges@gsblaw.net

Columbia, South Carolina                ATTORNEYS FOR DEFENDANT

January 27, 2023